

FILED
SEP 2 2 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11CR97–HEH |
| | ) | |
| CORY D. HARRIS, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
### (Dismissing Claims Two through Ten)

Cory D. Harris, a federal inmate, submitted a *pro se* motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence ("2255 Motion," ECF No. 67).[1] Harris

contends that he experienced ineffective assistance of counsel,[2] prosecutorial misconduct,

and trial court error in conjunction with his conviction and appeal. Specifically, Harris

demands relief because:

Claim One:  "Ineffective assistance of trial counsel in violation of the Sixth Amendment for giving erroneous advice that led to rejection of plea." (*Id.* at 4.)

Claim Two:  "Ineffective assistance of trial counsel in violation of the Sixth Amendment for failure to object to constructive amendment of Count One." (*Id.* at 5.)

Claim Three:  "Ineffective assistance of trial counsel in violation of the Sixth Amendment for failure to object to constructive amendment of Counts 3 and 4." (*Id.* at 7.)

---

[1] The Court employs the pagination assigned to Harris's *pro se* submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Harris's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

| | |
|---|---|
| Claim Four: | "Ineffective assistance of appellate counsel in violation of the Sixth Amendment for failure to raise constructive amendment on appeal." (*Id.* at 8.) |
| Claim Five: | "*Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)] issue/Sixth Amendment violation." (*Id.* at 14.) |
| Claim Six: | "*Napue* [*v. Illinois*, 360 U.S. 264 (1959)] issue/Fifth Amendment violation/prosecutorial misconduct." (*Id.*) |
| Claim Seven: | "Ineffective assistance of trial counsel in violation of the Sixth Amendment for failing to present evidence needed to establish reasonable doubt as to the drug conspiracy." (*Id.*) |
| Claim Eight: | "Ineffective assistance of trial counsel in violation of the Sixth Amendment for failing to present evidence needed to establish reasonable doubt as to Counts Five and Six of the Superseding Indictment." (*Id.* at 15.) |
| Claim Nine: | "The Supreme Court's *Almendarez-Torres* [*v. United States*, 523 U.S. 224 (1998)] ruling must be overruled that prior convictions, like any other fact that increases mandatory minimums, must be alleged in the indictment and proved to a jury beyond a reasonable doubt." (*Id.*) |
| Claim Ten: | "Whether the District Court erred by increasing the consecutive sentences for Counts Three and Four even though I was charged and convicted of these gun offenses in one indictment and the additional consecutive sentences were not for second or subsequent offenses[.]" (*Id.*) |

The Government has responded, asserting that Harris's ineffective assistance claims lack merit and that his remaining claims are procedurally defaulted. (ECF No. 70.)

On April 22, 2015, counsel entered a Notice of Appearance on Harris's behalf. (ECF No. 73.) On May 23, 2016, counsel filed a Motion for Leave to File Reply Memorandum of Law in Support of Harris's § 2255 Motion ("Motion for Leave to File,"

2

ECF No. 76). Counsel attached the proposed Reply (ECF No. 76–1), as well as several

affidavits (ECF Nos. 76–2, 76–3, 76–4, 76–5.) The Government filed an objection to the

Motion for Leave to File. (ECF No. 77.) Because the proposed Reply provides

additional argument and support for Claims One, Five, and Nine, the Court will grant the

Motion for Leave to File (ECF No. 76) and direct the Clerk to file the Reply (ECF No.

76–1) as a separate docket entry in this matter. For the reasons stated below, the Court

will conduct an evidentiary hearing as to Claim One, and deny Harris's § 2255 Motion as

to the remaining claims.

## I. PROCEDURAL HISTORY

On June 8, 2011, a grand jury charged Harris with conspiracy to distribute and

possess with the intent to distribute 280 grams or more of a mixture and substance

containing a detectable amount of cocaine base (Count One), possession with the intent to

distribute 50 grams or more of a mixture and substance containing a detectable amount of

cocaine base (Count Two), two counts of possession of a firearm in furtherance of a drug

trafficking crime (Counts Three and Four), and two counts of possession of a firearm by a

convicted felon (Counts Five and Six). (Superseding Indictment 1–4, ECF No. 12.) On

August 5, 2011, a jury found Harris guilty of all six counts of the Superseding

Indictment. (ECF No. 34.)

On November 28, 2011, the Court entered judgment against Harris and sentenced

him to a total of 600 months of imprisonment. (J. 3, ECF No. 47.) Specifically, the

Court sentenced Harris to 240 months on Count One, 240 months on Count Two, to be

served concurrently, 60 months on Count Three, to be served consecutively, 300 months on Count Four, to be served consecutively, 120 months on Count Five, to be served concurrently, and 120 months on Count Six, to be served concurrently. (*Id.*)

Harris, through counsel, filed a Notice of Appeal. (ECF No. 49.)  On appeal, Harris argued "that the district court erred in permitting the Government to admit evidence that he was involved with controlled substances, marijuana and heroin, that were not charged within the superseding indictment." *United States v. Harris*, 494 F. App'x 341, 342 (4th Cir. 2012).  Harris also alleged "that the district court applied the wrong mandatory minimum sentence" with respect to Count Two. *Id.* at 342, 344.  The United States Court of Appeals for the Fourth Circuit affirmed Harris's convictions and sentences. *Id.* at 345.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A.  Trial Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).  The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for

4

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### 1.    Trial Counsel's Performance Regarding Plea Offer

In Claim One, Harris contends that trial counsel "g[ave] erroneous advice that led to rejection of plea." (§ 2255 Mot. 4.) In support of his argument, Harris states:

> Attorney James A. Bullard Jr. told me that he could get all of the evidence suppressed and thrown out based on a Fourth Amendment violation. He said that I have a right to privacy in my own home and the confidential informant violated that right when he told law enforcement what he/she had seen, and that information was used to get a search warrant. That erroneous advice led to a rejection of a favorable plea offer in which I proceeded to trial and received a harsher sentence and counsel never filed a suppression motion.

(*Id.*) In his Reply, Harris expands upon his claim of ineffective assistance to argue that "Bullard never told Harris that Harris faced anything around a 600-month sentence if Harris rejected the government's 10-year plea deal, went to trial and lost." (Reply 5.)

### a.    Harris's Assertions

Harris's § 2255 Motion is sworn under penalty of perjury. (§ 2255 Mot. 13.) Harris has also submitted a Declaration, sworn under penalty of perjury, to support his claim that he chose to reject a "favorable 10 year plea" based on counsel's assurance that a motion to suppress would be filed. (ECF No. 72, at 1.) Specifically, Harris states:

5

My lawyer, Mr. James A. Bullard Jr. told me that an informant cannot come into my home and then report to law enforcement what he/she observed while inside of the residence at 2105 Bishop St. Petersburg, VA 23805, because it will be in violation of my Fourth Amendment right to privacy in my own home. He said that he would file a motion to suppress the evidence found at my Bishop St. home due to illegal search and seizure, in violation of the Fourth Amendment to the Constitution. Mr. Bullard never filed the motion to suppress and I rejected a favorable 10 year plea based on this erroneous advice, because if an informant has been reliable in the past and law enforcement officers has personal knowledge of an informant's reliability, then probable cause can be found to issue the warrant. I would have taken the 10 year plea if it wasn't for the erroneous advice that I received from Mr. Bullard, as opposed to me going to trial and receiving a 600 month sentence.

(*Id.* at 1–2.)

Harris also submitted Affidavits prepared by Sophia Harris, Vivian Harris, and Deisha Miller, who are presumably relatives of Harris. (ECF Nos. 76–2, 76–3, 76–5.) These three individuals all aver that Bullard indicated to them that Harris's Sentencing Guidelines range only called for thirteen to eighteen years of incarceration if Harris was convicted. (ECF No. 76–2, at 1; ECF No. 76–3, at 1; ECF No. 76–5, at 1.) Ms. Miller further states that "Mr. Harris was offered a plea agreement for 10 years, but he didn't accept it because he was under the assumption of his guidelines." (ECF No. 76–5, at 1.)

Harris also submitted another Declaration with his Reply. (ECF No. 76–4.) In it, he states:

1.  At no time during my pretrial stages did my lawyer, Mr. James A. Bullard Jr., communicate to me that I faced a 600-month sentence if I elected to go to trial and reject the government's 10-year plea.
2.  The government's plea was 10-years with all of the firearm offenses dropped or dismissed and I was to just plead guilty to the drugs which was Count 1 of the original indictment.

3. Had I known that I faced a 600-month sentence as opposed to a 10-year plea deal, I would've never went to trial and I would've took the 10-year plea deal instead.

4. Mr. Bullard was unaware of the statutorily driving consecutive sentences under 924(c) because he told Deisha Miller, Sophia Harris, and Vivian Harris that I was only facing 18 years if I was to lose at trial.

5. I had no witnesses to testify on my behalf nor did Mr. Bullard present any evidence that could prove my innocence which means that he knew beforehand that I had no chance in winning at trial, but he failed to communicate this to me by telling me that it was in my best interest to take the 10-year plea deal. Had Mr. Bullard told me that it was in my best interest to take the plea, I would've taken it. Considering the fact I had no chance in winning at trial.

(*Id.* at 1.)

### b.    Government's Assertions

The Government has provided an Affidavit from trial counsel James A. Bullard, Jr. (Gov't's Resp. Ex. 2 ("Bullard Aff."), ECF No. 70–2.) With respect to Claim One, Bullard states:

At the outset of the case, I did discuss with Cory Harris the possibility of filing a motion to suppress, but once I reviewed the state search warrants and accompanying affidavits, I saw no basis for filing a motion to suppress and shared that opinion with Mr. Harris. Accordingly, I never promised Cory Harris that we would prevail on any suppression motions filed in this case. His decision to reject the plea offer and proceed to trial was his alone, and was not connected to any advice given to him regarding any suppression motions.

(*Id.* ¶ 2.)

### c.    Analysis

"During plea negotiations defendants are 'entitled to the effective assistance of

competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann*

*v. Richardson*, 397 U.S. 759, 771 (1970)).  As the Supreme Court has explained:

> To show prejudice from ineffective assistance of counsel where a
> plea offer has lapsed or been rejected because of counsel's deficient
> performance, defendants must demonstrate a reasonable probability they
> would have accepted the earlier plea offer had they been afforded effective
> assistance of counsel.  Defendants must also demonstrate a reasonable
> probability the plea would have been entered without the prosecution
> canceling it or the trial court refusing to accept it, if they had the authority
> to exercise that discretion under [federal] law.

*Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012).  The defendant must also show "that the

conviction or sentence, or both, under the offer's terms would have been less severe than

under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385.

Here, the parties have offered conflicting evidence as to whether Bullard

misadvised Harris about the likelihood of success on a motion to suppress prior to

Harris's rejection of the plea offer, as well as about his sentencing exposure if Harris

decided to reject the plea offer and proceed to trial.  Harris asserts that Bullard told him

that he would file a motion to suppress and that, based upon this advice, he rejected a ten-

year plea offer. (ECF No. 72–1, at 1.)  Harris states, however, that Bullard never filed the

motion. (*Id.*)  Harris further asserts that Bullard never advised him that he faced a 600-

month sentence if Harris chose to reject the plea offer and proceed to trial, and that

Bullard was unaware of the fact that any sentences imposed for convictions under 18

U.S.C. § 924(c) would be consecutive to any other sentence. (ECF No. 74–4, at 1.)

Three of Harris's family members aver that Bullard informed them that Harris only faced

between thirteen and eighteen years of imprisonment if he was found guilty. (ECF No.

76–2, at 1; ECF No. 76–3, at 1; ECF No. 76–5, at 1.)   Bullard, however, contends that he

told Harris that he would not be filing a motion to suppress, and that Harris's decision to

reject the plea offer "was not connected to any advice given to him regarding any

suppression motions." (Bullard Aff. ¶ 2.) Bullard's Affidavit is silent with respect to

Harris's assertions regarding advice about his sentencing exposure.

This conflict raises factual issues that cannot be resolved on the current record, as

a "determination that counsel's advice . . . was a strategic one is a factual determination

requiring a credibility determination, or at least the receipt of evidence outside of the

present record." *United States v. Dickerson*, 546 F. App'x 211, 214 (4th Cir. 2013)

(citation omitted); *see United States v. Robertson*, 219 F. App'x 286, 286 (4th Cir. 2007)

(citations omitted) (noting that an evidentiary hearing is generally "required when a

movant presents a colorable Sixth Amendment claim showing disputed material facts and

a credibility determination is necessary to solve this issue"). Throughout his pleadings,

Harris maintains that he would have accepted the plea offer if counsel had provided a

more accurate prediction of the likelihood of success on a motion to suppress, as well as

advice regarding his potential sentencing exposure should he choose to go to trial. The

sentence Harris received was considerably greater than the ten-year sentence provided in

the plea offer. The Court simply lacks enough information to determine whether Bullard

reasonably advised Harris about the likelihood of success on a motion to suppress prior to Harris's decision to reject the plea offer, as well as about potential sentencing exposure if he proceeded to trial. Accordingly, the Court is unable, at this juncture, to conclusively find that Harris is entitled to no relief. *See* 28 U.S.C. § 2255(b). Thus, Harris has made a sufficient threshold showing to warrant a hearing on these issues. Therefore, the Court will conduct an evidentiary hearing with respect to Claim One.[3]

### 2. Trial Counsel's Performance Regarding Alleged Constructive Amendment of the Superseding Indictment

In Claim Two, Harris alleges that trial counsel "failed to object to the constructive amendment of Count One of the Superseding Indictment." (§ 2255 Mot. 5.) According to Harris, the Court constructively amended Count One by "instruct[ing] [the jury] that it could find guilt if the evidence establishes beyond a reasonable doubt that the defendant entered into an agreement to manufacture, distribute or possess cocaine base with intent to distribute and manufacture was not charged in the indictment." (*Id.*) In Claim Three, Harris argues that counsel "failed to object to constructive amendment of the 924(c) counts 3 and 4 of the Superseding Indictment." (*Id.* at 7.) Harris argues:

> The government theory was constructive possession but the jury was instructed that if it believed from the evidence that the firearm was visible during defendant's drug transactions, you may infer and find that the visibility provided a deterrent effect . . . etc., that the firearm was thereby possessed in furtherance of a drug trafficking crime.

---

[3] Additional unresolved factual issues that bear on this claim may include:
- Did Bullard convey his belief that there was no basis for filing a motion to suppress during or after the period of time in which Harris had to decide whether to accept or reject the Government's plea offer?
- What information concerning a potential sentence did Bullard convey to Harris?

(*Id.*) Because Claims Two and Three both concern counsel's failure to object to the Court's alleged constructive amendment of the Superseding Indictment, the Court will consider them together.

An indictment is constructively amended if "either the government (usually during its presentation of evidence and/or its argument), [or] the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *United States v. Sampson*, 140 F.3d 585, 589 (4th Cir. 1998) (alteration in original) (quoting *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994)). When considering whether a constructive amendment has occurred, "it is the broadening [of the bases for a defendant's conviction] that is important—nothing more." *United States v. Mingo*, 237 F. App'x 860, 866 (4th Cir. 2007) (alteration in original) (quoting *Floresca*, 38 F.3d at 711).

With respect to Claim Two, the record reflects that the Court first instructed the jury as to the specific charge alleged in Count One. The Court stated:

> Count one charges that from in or about January 2010, and continuing through in or about April 2011, in the Eastern District of Virginia and elsewhere within the jurisdiction of this court, Cory D. Harris did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with others known and unknown to the grand jury to distribute, and possess with the intent to distribute, 280 grams or more of a mixture and substance described in title 21 United States Code section 841(b)(1)(A)(iii) containing detectable amount of cocaine base, commonly known as crack, a Schedule II controlled substance.

11

(Aug. 4, 2011 Tr. 572–73, ECF No. 53.)  The Court then instructed the jury on the three

elements of a conspiracy that the Government must prove beyond a reasonable doubt for

the jury to convict Harris of Count One.  (Aug. 4, 2011 Tr. 573–74.)  Subsequently, the

Court read a lengthy general instruction defining a criminal conspiracy.  (Aug. 4, 2011

Tr. 574–77.)  Within that instruction, the Court noted:

> If the evidence establishes beyond a reasonable doubt that the
> defendant knowingly and deliberately entered into an agreement to
> *manufacture*, distribute, or possess cocaine base with the intent to
> distribute, the fact that the defendant did not join the agreement at its
> beginning, or did not know all of the details of the agreement, or did not
> participate in the each act of the agreement, or did not play a major role in
> accomplishing the unlawful goal is not important to your decision regarding
> membership in the conspiracy.

(Aug. 4, 2011 Tr. 576 (emphasis added).)

Here, the evidence against Harris overwhelmingly demonstrated that the

conspiracy involved possession with intent to distribute and distribution of cocaine base.

Any reference to manufacturing in this general conspiracy instruction was harmless.  Any

argument otherwise would have been without merit, and counsel cannot be faulted for

failing to raise a meritless objection.  *United States v. Moore*, 934 F. Supp. 724, 731

(E.D. Va. 1996).  Because Harris has failed to demonstrate deficient performance of

counsel or resulting prejudice, Claim Two will be dismissed.

With respect to Claim Three, the record reflects that the Court first instructed the

jury as to the specific charges alleged in Counts Three and Four:

> Count three charges that on or about July 29 of 2010, in the Eastern
> District of Virginia and within the jurisdiction of this court, the defendant,
> Cory D. Harris, in furtherance of a drug trafficking crime for which he may

be prosecuted in a court of the United States, namely conspiracy to distribute and possess with intent to distribute cocaine base as charged in counts one and two of the superseding indictment . . . did knowingly and unlawfully possess firearms, namely; A, one Ruger model P90, .45 caliber semi-automatic pistol loaded with eight rounds of ammunition. B, one Glock, Model 19, 9 millimeter semi-automatic pistol loaded with 13 rounds of ammunition. C, one American Arms model NAA 22, .22 caliber revolver loaded with five rounds of ammunition. And D, one HiPoint model CF380, .389 caliber semi-automatic pistol loaded with eight rounds of ammunition.

Count four charges that on or about January 24th, 2011 in the Eastern District of Virginia and within the jurisdiction of this court, the defendant, Cory D. Harris, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely conspiracy to distribute and possess with intent to distribute cocaine base as charged in count one of the superseding indictment . . . did knowingly and unlawfully possess firearms, namely, one Romarm SA/AK semi-automatic rifle, serial number S1-53521-2001, with accompanying magazine and ammunition; or, one Romarm SA/AK semi-automatic automatic rifle, serial number AC-4602-67, with accompanying magazine and ammunition.

(Aug. 4, 2011 Tr. 579–80.) The Court then instructed the jury on the elements that the

Government must prove beyond a reasonable doubt for the jury to convict Harris of

Counts Three and Four. (Aug. 4, 2011 Tr. 581–82.) Subsequently, the Court provided a

general instruction regarding the various factors the jury could consider when

determining whether Harris had possessed the firearms in furtherance of a drug

trafficking crime:

The United States must show that the defendant's possession of the firearm was in furtherance of a drug trafficking crime. The term "drug trafficking crime" refers to the possession with the intent to distribute crack cocaine as charged in count one of the superseding indictment. To establish that the possession of the firearm was in furtherance of the offense charged in count one, it is not necessary for the United States to prove that the defendant actively employed the firearm. Rather, the United States must meet its burden of proof—excuse me—the United States may meet its burden of proof if it has demonstrated the firearm was used to advance or

13

help the defendant in some way in his distribution of crack cocaine. For example, if you believe from the evidence that the firearm was accessible to the defendant and provided a means by which the defendant could defend his drugs and drug proceeds from robbery or rival drug dealers, you may infer and find that the firearm was thereby possessed in furtherance of a drug trafficking offense. Likewise, if you believe from the evidence that the firearm was visible during the defendant's drug transactions, you may infer and find that this visibility provided a deterrent effect, protecting the defendant, his drugs, and his drug proceeds from robbery or violence, and that the firearm was thereby possessed in furtherance of a drug trafficking offense.

When making your determination you may consider the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the guns were loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun was found. Ultimately, the question of whether the defendant's possession of the firearm was in furtherance of a drug trafficking crime should be resolved by the jury based upon all the evidence presented in the case.

(Aug. 4, 2011 Tr. 587–89.)

Harris does not explain, and the Court cannot discern, how this general instruction, which provided several examples of how a firearm can be possessed in furtherance of drug trafficking, constructively amended Counts Three and Four of the Superseding Indictment. Nothing in this general instruction "broadened [the bases for conviction on Counts Three and Four] beyond those charged in the indictment." *United States v. King*, 270 F. App'x 261, 267 (4th Cir. 2008) (citing *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999)). Any argument otherwise would have been without merit, and counsel cannot be faulted for failing to raise a meritless objection. *Moore*, 934 F. Supp. at 731. Because Harris has failed to demonstrate deficient performance of counsel or resulting prejudice, Claim Three will be dismissed.

### 3.   Trial Counsel's Performance Regarding Witnesses

In Claim Seven, Harris argues that trial counsel was ineffective "for failing to present evidence needed to establish reasonable doubt as to the drug conspiracy." (§ 2255 Mot. 14.) With respect to this claim, Harris alleges that counsel "failed to subpoena witnesses to testify to the fact that cooperating witness Jimmell Jones stated that he would lie to keep himself out of prison." (*Id.*) In Claim Eight, Harris contends that trial counsel was ineffective "for failing to present evidence needed to establish reasonable doubt as to Counts Five and Six of the Superseding Indictment." (*Id.* at 15.) Specifically, Harris argues that counsel "failed to subpoena witnesses to testify to the fact that firearms charged in Count Five and Six were in fact theirs and that [Harris] had no knowledge to the fact of the firearms being in the residence where both search warrants, which at two separate times, were executed." (*Id.*) Because Claims Seven and Eight both concern counsel's alleged failure to subpoena witnesses, the Court will consider them together.

Harris fails to indicate that he specifically requested that counsel interview potential witnesses. He also "provides no concrete evidence of what [these witnesses] would have testified to in exculpation." *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004). Counsel avers that "[a]t no time did Cory Harris give me the names of witnesses who could impeach Jimmel Jones, a government witness." (Bullard Aff. ¶ 4.) Counsel further avers that Harris also did not "give [him] the names of witnesses who were willing to testify that the guns charged in this case were theirs, and that Mr. Harris

15

had no knowledge of them." (*Id.*)  For these reasons, Harris fails to demonstrate any

deficiency of counsel.  Moreover, given the substantial evidence against him, Harris has

not demonstrated a reasonable probability that, but for counsel's failure to interview

witnesses, the jury's verdict would have been different.  Harris demonstrates neither

deficiency of counsel nor any resulting prejudice, and Claims Seven and Eight will be

dismissed.

### B.   Appellate Counsel

In Claim Four, Harris asserts that appellate counsel was ineffective "for fail[ing]

to raise constructive amendment on appeal." (§ 2255 Mot. 8.)  Specifically, Harris

contends that appellate counsel was ineffective for failing to raise the argument he has

asserted in Claim Three. (*Id.*)

"In order to establish a claim that appellate counsel was ineffective for failing to

pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate

counsel performed deficiently and that a reasonable probability of a different result

exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at

688, 694).  Counsel had no obligation to assert all non-frivolous issues on appeal.

Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely

to prevail, far from being evidence of incompetence, is the hallmark of effective appellate

advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463

U.S. 745, 751–52 (1983)).  A presumption exists that appellate counsel "'decided which

issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett*

*v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

The Court has already determined that Harris has failed to demonstrate that trial counsel was ineffective for failing to argue that the Court constructively amended Counts Three and Four of the Superseding Indictment. *See supra* Part II.A. Likewise, Harris has failed to show that the argument he urges here was stronger than the arguments counsel presented on appeal. *See Bell*, 236 F.3d at 164. Accordingly, Harris has demonstrated neither deficient performance nor prejudice, and Claim Four will be dismissed.

### III.   PROCEDURALLY DEFAULTED CLAIMS

The Government correctly asserts that Harris's remaining claims (Claims Five, Six, Nine, and Ten) are barred from review here, absent a showing of cause and prejudice or actual innocence, because Harris could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal.").

In his Reply, Harris contends that appellate counsel's failure to raise the arguments asserted in Claims Five and Nine on direct appeal constitutes cause to excuse his default of those claims. (Reply 16–19, 24–25.) Harris has provided the Court with no

17

argument to support a showing of cause and prejudice or actual innocence with respect to

Claims Six and Ten.  Accordingly, Claims Six and Ten will be dismissed.  The Court

considers Harris's assertion of cause with respect to Claims Five and Nine below.

In Claim Five, Harris argues that, with respect to Count Four, his Sixth

Amendment rights were violated pursuant to the Supreme Court's decision in *Alleyne v.*

*United States*, 133 S. Ct. 2151 (2013).  Harris states:

> In the Superseding Indictment Counts Three and Four charged a
> violation of 924(c).  Movant was sentenced to sixty months on Count Three
> and three hundred months on Count Four which two counts was to run
> consecutive to all other counts.  The three hundred month sentence for
> Count Four was an enhancement under 924c but the subsection was c(1)(c)
> which was never pleaded in the indictment and the element of the
> conviction being second and subsequent was never found by a jury.

(§ 2255 Mot. 14.)

Harris was charged with and convicted of two separate violations of 18 U.S.C.

§ 924(c)(1)(A)(i) for possession of firearms in furtherance of a drug trafficking crime.  (J.

1.)  Under 18 U.S.C. § 924(c), a defendant who possesses a firearm in furtherance of a

drug trafficking crime is subject to a consecutive mandatory minimum sentence of not

less than five years.  18 U.S.C. § 924(c)(1)(A)(i).  However, because Harris was

convicted of a second or subsequent § 924(c) charge, he was subject to a consecutive

mandatory minimum penalty of twenty-five years for the second conviction.  *Id.*

§ 924(c)(1)(C).  A defendant who is convicted of more than one § 924(c) violation in a

single judgment is properly sentenced to the enhanced mandatory consecutive twenty-

five year term for his second § 924(c) conviction. *See United States v. Robles*, 709 F.3d 98, 101 (2d Cir. 2013) (citations omitted).

In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. *Alleyne*, however, was decided after the Fourth Circuit had affirmed Harris's convictions and sentences. To the extent that Harris faults appellate counsel for failing to anticipate the *Alleyne* decision, "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (citations omitted).

Even so, Harris would not be entitled to relief. The Supreme Court has held that the Government need not allege prior convictions in an indictment and need not prove them beyond a reasonable doubt for a court to use those convictions for purposes of enhancing a sentence. *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). "Finding that a defendant's convictions were 'second or subsequent' [under 18 U.S.C. § 924(c)] is the same as finding that a defendant had a prior conviction, and the issue remains governed by *Almendarez-Torres*." *United States v. King*, 751 F.3d 1268, 1280 (11th Cir.) (citing *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013)), *cert. denied*, 135 S. Ct. 389 (2014). Therefore, no *Alleyne* or Sixth Amendment violation occurred, as the Court properly determined that Harris had committed a second or subsequent violation under 18 U.S.C. § 924(c). Because any argument otherwise by appellate counsel would have been futile, Harris cannot demonstrate that he was

prejudiced by appellate counsel's failure to raise this argument on direct appeal. Harris has failed to establish cause and prejudice to excuse his default, and Claim Five will be dismissed.

In Claim Nine, Harris argues that the Supreme Court's ruling in *Almendarez-Torres* "must be overruled that prior convictions, like any other fact that increases mandatory minimums, must be alleged in the indictment and proved to a jury beyond a reasonable doubt." (§ 2255 Mot. 15.) However, any argument by appellate counsel that *Almendarez-Torres* "must be overruled" would have been futile, as the Fourth Circuit is "not free to overrule or ignore the Supreme Court's precedents." *United States v. Cheek*, 415 F.3d 349, 353–53 (4th Cir. 2005) (citing *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)). Thus, Harris cannot demonstrate that he was prejudiced by appellate counsel's failure to raise this argument on direct appeal. Because Harris has failed to establish cause and prejudice to excuse his default, Claim Nine will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will conduct an evidentiary hearing as to Claim One. All other claims will be denied. Harris's Motion for Leave to File (ECF No. 76) will be granted. The Clerk will be directed to file the Reply (ECF No. 76–1) as a separate docket entry in this matter.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 21, 2016
Richmond, Virginia