IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
)
)
v. ) Criminal Action No. 3:11CR97–HEH
)
CORY D. HARRIS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Petitioner's Motion to Amend Findings of Fact Pursuant to Fed. R. Civ. P. 52(b) and Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e))

This matter is again before the Court on Petitioner Cory D. Harris's ("Harris") Motion to Amend Findings of Fact Pursuant to Fed. R. Civ. P. 52(b) ("Motion to Amend," ECF No. 101), and separate Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion to Alter," ECF No. 100). Harris subsequently filed a Notice of Appeal and Request for Certificate of Appealability (ECF No. 102).

Harris, a federal inmate, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on January 14, 2014, challenging the effectiveness of his trial counsel's representation. Claims Two through Ten of Harris's § 2255 Motion were dismissed by Memorandum Opinion and Order entered September 22, 2016. Finding material facts critical to the resolution of Claim One to be in dispute, the Court conducted an evidentiary hearing on December 2, 2016, which focused on the adequacy of trial counsel's representation during the course of plea negotiations. Evidence adduced at that hearing centered on whether Harris was competently counseled concerning his potential

sentencing exposure under the United States Sentencing Guidelines ("U.S.S.G."), if convicted by a jury, and whether counsel failed to adequately pursue a motion to suppress the evidence seized from Harris's home.

By Memorandum Opinion dated March 3, 2017 (ECF No. 98), this Court denied Harris's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. This Court concluded that his retained counsel's representation was adequately effective when measured against the required preponderance standard. The Court found that Harris had no serious intention of entering a plea of guilty and that nothing his counsel could have said would have persuaded him to the contrary. Harris impressed his attorney as more focused on litigating than negotiating.

In his Motions under Fed. R. Civ. P. 52(b) and 59(e), Harris essentially takes exception to the factual conclusions drawn by this Court following the evidentiary hearing. Harris urges this Court to revise its findings of fact and conclusions of law to comport with his version of pertinent conversations with his counsel, or to add more context to those discussions.[1] This Court declines to do so. After reviewing its Memorandum Opinion denying his Motion to Vacate, and reexamining the transcript of the evidentiary hearing, the Court finds no basis to amend or modify its findings of fact or legal conclusions, with one exception. In the second paragraph on page 2 of the Memorandum Opinion, it states that Harris received a sentence of "100 months on Count Five," to be served concurrently with his sentence of 240 months on Count One. (Mem.

---

[1] The government also introduced recorded telephone conversations suggesting that Harris, unbeknown to his counsel, was crafting trial strategy built around fabricated testimony.

2

Op. 2.) Harris is correct that he received a sentence of 120 months on Count Five, to be served concurrently with that imposed on Count One. This modification, however, has no bearing on the issues at hand.

The office of Rule 52(b) is to allow a court to correct any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court. *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). It is not a vehicle for a non-prevailing party to burnish the record or persuade the trial court to revisit its finding of fact or conclusions of law. Harris's reliance on Fed. R. Civ. P. 52(b) is misplaced. Rule 52(b) contemplates an underlying trial and is not applicable in an evidentiary hearing context under 28 U.S.C. § 2255. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *see also Orem v. Rephann*, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd, J., concurring), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Harris's quest to alter the Court's findings is more appropriately brought under Rule 59(e) as a motion to alter or amend a judgment.

If Harris wishes to rely on other facts in the record to support his appeal, he may do so. However, the Court's Memorandum Opinion of March 3, 2017 accurately recites those facts pertinent to its dispositive findings.

Harris's Motion to Amend Findings of Fact and Motion to Alter Judgment will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 16, 2017
Richmond, VA